**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3270-16T3

CRISTOBAL J. POLANCO,

    Plaintiff-Respondent,

v.

OFFICER DARRYL DABNEY,
OFFICER JEFFREY BRAASCH,
OFFICER WILLIAM LOGAN, (incorrectly
impleaded as Officer Logan Williams),
OFFICER FRANK INGARGIOLA,
"DEUCE" K-9 OFFICER, and CITY OF
ATLANTIC CITY and its agents, jointly,
severally, and in the alternative, and 40/40
CLUB,

    Defendants-Appellants.

_____

JACQUES POLANCO,

    Plaintiff-Respondent,

v.

OFFICER DARRYL DABNEY, OFFICER
GEORGE ADAMS, OFFICER ALEXUS SMITH,
OFFICER TRACEY, and CITY OF ATLANTIC
CITY,

Defendants-Appellants.

Submitted September 13, 2018 – Decided September 27, 2018

Before Judges Koblitz, Ostrer, and Currier.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket Nos. L-1805-09 and L-1986-09.

Law Offices of Riley and Riley, attorneys for appellants (Michael E. Riley and Rachel M. Conte, on the briefs).

Bonjean Law Group, PLLC, attorneys for respondents (Jennifer A. Bonjean, on the brief).

PER CURIAM

In this 42 U.S.C. § 1983 civil rights case, plaintiffs Cristobal and Jacques Polanco[1] allege Atlantic City police officers used excessive force during plaintiffs' arrest following a melee outside a nightclub. After a jury returned a verdict in favor of plaintiffs, defendants, Officer Darryl Dabney, Officer William Logan and the City of Atlantic City[2], (defendants) appeal from the

---

[1] Plaintiffs are brothers, and for the ease of the reader, we will refer to them by their first names. No disrespect is intended.

[2] The jury returned a verdict of no cause of action against defendants Jeffrey Braasch, Frank Ingargiola and George Adams. The record does not reflect a disposition as to "Deuce" K-9 Officer, Alexus Smith or Officer Tracey. 40/40 Club reached a settlement with plaintiffs prior to trial.

judgment and subsequent award of counsel fees. After a review of the contentions in light of the record and applicable principles of law, we affirm.

After a fight broke out in an Atlantic City nightclub in the wee hours of the morning, police officers were called to assist the club with the fracas. What happened during the aftermath of the fight was the subject of conflicting testimony between plaintiffs and defendants. The officer defendants described how plaintiffs became aggressive with the officers outside of the club and actively resisted arrest requiring the use of K-9 dogs to subdue them. Plaintiffs alleged they were assaulted by multiple officers, and attacked and bitten by police K-9 dogs.

The jury determined defendant Logan violated Cristobal's Fourth Amendment right to be free of excessive force. The jury further determined that defendant Dabney committed an assault and battery against Jacques and used excessive force during his arrest. In addition, the jury found the City's inadequate supervision of its officers resulted in the use of excessive force. Each plaintiff was awarded $75,000. Plaintiffs' subsequent motion for fees and costs was granted in the amount of $212,644.

Defendants appeal from the verdict, arguing the trial judge (1) improperly excluded impeachment evidence; (2) erred in not giving the jury a requested charge; and (3) improperly granted a fee award.

Following his arrest, Cristobal was charged with several offenses including aggravated assault, N.J.S.A. 2C:12-1 (b)(5)(A), and resisting arrest, N.J.S.A. 2C:29-2(a)(3). After the aggravated assault charge was dismissed, the remaining charges were downgraded and remanded to the Atlantic City municipal court. After a trial, Cristobal was found guilty of the disorderly persons offense of resisting arrest.

Prior to trial, plaintiffs moved to exclude evidence of the conviction. Initially, the judge ruled that the conviction would be admissible under N.J.R.E. 609 for impeachment purposes. During the trial, after learning that the conviction was for a disorderly persons offense, the judge advised the conviction would not be admissible.

Following the completion of Cristobal's testimony, the trial judge permitted the jurors to ask questions of the witness. Several questions were presented, and as there was no objection by counsel, Cristobal was asked: "Were you arrested, and for what?" Cristobal answered: "I was arrested. I was never told was – I was arrested until we went to court, and at this point I don't

remember because I know it got downgraded. I don't remember what I was arrested for, but it got dismissed at a point."

Defense counsel objected to the answer as misleading, arguing that Cristobal's charges were not dismissed, but in fact, he was convicted of resisting arrest. Defendants argued that Cristobal had "opened the door" to admission of his municipal court conviction. The judge disagreed and gave the jury the following curative instruction: "There was a portion of an answer that Mr. Polanco gave to the effect that the charges were downgraded and dismissed. You're to disregard that. That wasn't, wasn't the question that was asked. So disregard that part . . . of his answer."

The following day, defense counsel requested the court reconsider its ruling and admit evidence of Cristobal's conviction of resisting arrest as rebuttal for his misleading statement regarding the dismissal of his charges. The judge denied the request, advising he would consider repeating the curative instruction during the jury charge, and inviting defense counsel to provide a suggested charge. Defendants did request a repetition of the curative instruction during the charge conference and the judge acquiesced, giving the jury the following instruction:

> There are some things that you should not consider, any testimony that I have stricken from the

A-3270-16T3

record. This means that even though you may remember the testimony you are not to use it in your discussion or deliberations. Further, if I gave a limiting instruction on how to use certain evidence that evidence must be considered by you for that purpose only, you cannot use it for any other purpose. And also I gave – earlier I had – during the course of the trial I indicated you are not to consider any testimony about downgrading of any charges.

Defendants argue that Cristobal, a practicing attorney admitted in two jurisdictions was knowledgeable as to the law and its workings, and "blatantly lied" to the jury about the disposition of his charges. Because the case hinged on the credibility of the various witnesses, defendants assert the jury should have been apprised of Cristobal's misleading statement and his municipal court conviction.

We review defendants' contention that the judge erred in denying the admission of Cristobal's conviction for an abuse of discretion. "When a trial court admits or excludes evidence, its determination is 'entitled to deference absent a showing of an abuse of discretion, i.e., [that] there has been a clear error of judgment.'" Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016) (quoting State v. Brown, 170 N.J. 138, 147 (2001)). "Thus, we will reverse an evidentiary ruling only if it 'was so wide off the mark that a manifest denial of justice

resulted.'" Ibid. (quoting Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999) (internal quotation marks and citation omitted).

We are not persuaded by defendants' argument. Neither attorney objected to the proposed juror's question. Although misleading, Cristobal's answer to the juror question was not without some veracity. The charge for aggravated assault was dismissed, the remaining charges were downgraded or remanded to municipal court. He was convicted of resisting arrest for not making his hands available to the arresting officers. As soon as Cristobal gave his answer, counsel conferred with the judge at sidebar and he immediately gave the jury a curative instruction. The jury was instructed a second time during the jury charge to specifically disregard that testimony. We presume that juries follow the court's instructions. See Belmont Condo. Ass'n, Inc. v. Geibel, 432 N.J. Super. 52, 97 (App. Div. 2013) (citing State v. Feaster, 156 N.J. 1, 65 (1998)). The judge did not abuse his discretion by refusing to allow the admission of a conviction of a disorderly persons offense under these circumstances.

It also was not an abuse of discretion for the judge to decline defendants' request to instruct the jury with the "false in one, false in all" charge. The judge advised that the substance of the charge was encompassed in other instructions given to the jurors. On appeal, defendants argue that Cristobal's comment

concerning the disposition of his charges was a lie about a material fact, requiring the "false in one, false in all" charge. See State v. Ernst, 32 N.J. 567, 583-84 (1960). We disagree. The model jury charge on credibility instructs the jury they can "believe everything a witness says or only part of it or none of it." Model Jury Charges (Civil), 1.12 (L), "Credibility (long version)", (approved Nov. 1998). It was within the trial judge's discretion to determine whether the additional "false in one, false in all" charge was supported by the evidence. He determined the credibility charge had the desired language. We discern no abuse of discretion in the court's decision not to give the requested instruction.

Following the verdict, plaintiffs' counsel submitted an application for counsel fees and costs. Although defendants state in their appeal that the requested fees were supported by "nothing more than [plaintiffs' counsel] self-serving affidavit," the record reflects that in support of their application, counsel provided a certification, supporting documents, and detailed time records.[3] After hearing oral argument and considering the submission, the trial judge issued a written decision and order on April 13, 2017. He determined that lead counsel's requested hourly rate of $495 was "higher than warranted under the

---

[3] In all, 78 pages of documents were supplied to the court in support of the fee application.

circumstances" and instead granted a lodestar hourly rate of $455. In addition, the judge denied any reimbursement for costs because they had not been adequately documented by plaintiffs. We discern no abuse of discretion in the award of counsel fees. See Litton Indus. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (holding an award of counsel fees will be reversed "only in the rarest of occasions, and then only because of a clear abuse of discretion.") (quoting Packard-Bamberger Co. v. Collier, 167 N.J. 427, 444 (2001)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3270-16T3